## JOHN F. MENSE vs. ELIJAH McLEAN.

Where A had heard B say that he had an unrecorded deed for certain lands, it is sufficient to charge A, who subsequetly purchased the lands, with actual notice of the title of B.

APPEAL FROM FRANKLIN CIRCUIT COURT.

CAMPBELL for appellant.

1st. The decision of the court purporting to be a final decree is not a decree in chancery, according to the rules and usages of a court of chancery, but is an imperfect and incorrect form of a judgment at law.

2nd. The entry in this cause purporting to be a final decree in chancery is erroneous, because it does not purport to be a final decree between any of the parties to the suit, except between the complainant and Elijah McLean, one of the defendants.

3d. The final decree is erroneous, because there is no decree either for or against three of the defendants, Tresdale, Miller and Vanderholly.

4th. The decree is erroneous, because it does not determine or dispose of the whole matter of controversy as between all the parties to the suit.

5th. The decree is erroneous, because it gives judgment for costs in favor of McLean, one of the defendants ; but makes no decision as to the costs incurred by the other defendants.

6th. The decree is erroneous because there was no verdict of a jury, no report of a commissioner, and no finding by the court on which to base the decree; nor does the decree state the facts of the case, nor the matters in controversy; nor does it state what disposition is made of the land and the title; but merely that the complainant take nothing by his bill.

7th. The circuit court erred in proceeding to render a final decree, when no answer to the bill had been made by two of the defendants.

8th. If the court had proceeded to make a final decree under the circumstances, it was man-

ifest that the court could not do complete justice to all the parties, and if the bill was to be dismissed, it ought to have been without prejudice.

9th. The decree is erroneous, because it is rendered against the complainant, and in favor of McLean, one of the defendants, when from the testimony it appears that one witness proved that McLean had clear, actual and full notice of the sale of the premises in controversy, by Tresdale to McCoy, and this testimony is strongly corroborated by the testimony of Jeffries, Bay, Gaines, Cahill and McCoy. See Tucker's Commentaries, page 428, 446, 7, 506 ; 4 Dana Ky. Rep. pages 259, 263; 4 Mo. Reports 62, 70; 1 Littell Rep. 352; 4 Monroe 196; 2 J. J. Marshall, 180, 434; Barton's Equity, page 194, 5, 6, 7, 8, 9 ; 1st Harrison's Chancery 420, 439, 440.

COLE for appellee.

1st. It will be here insisted that the respondent, Elijah McLean, is a bona fide purchaser of the land in issue.

2nd. In other words, that at the time of his contract with Tresdale and Miller, he, McLean had neither a constructive notice, nor notice in fact of McCoy's and Callaway's contracts.

3rd. It will be contended furthermore, that in order to a recovery by complainant, he must show that he has been in no default in not having performed the agreement, and that he has taken all proper steps towards performance on his part. 2 Story's Equity, 81, sec. 771. He who seeks equity, must do equity, ib. page 5.

4th. That the several purchasers took the original contract with Miller, *cum onere*, and unless complainant can show that he is in default, he cannot insist on a specific performance. 1 Maddock, Chy. 419.

5th. The payment of the purchase money in this case, was a condition precedent to the conveyance and after default the vendee is not entitled to a decree for specific performance. Hatch vs. Cobb, 4 John. Chy. Reports 559 ; Kempshall vs. Stone, 5 John. Chy. Rep. 193 ; 3 John. cases 60, Ballard vs. Walker.

6th. Neither Miller's bond to Tresdale, nor all of the subsequent assignments down to the Calaways inclusive, were legally of record, consequently imparted no notice to any person.

7th. John F. Mense, complainant, bought of one of the Callaways, after McLean's deed from Miller and wife, was legally of record. He was therefore a purchaser with notice of McLean's right, and that he was buying a law suit. Durretts vs. Hook, 8 M. R. 374.

8th. McLean's equity is superior to that of complainant, but if equal, the law must prevail.

9th. There is no evidence on the record, competent to overthrow the respective answers of McLean, and Tresdale. Bright's heirs vs. Haggin, Hardin's Rep. 536. Sullivan's heirs vs. Bates, 1 Littell Rep. 41, ib. page 43.

Judge BIRCH delivered the opinion of the court.

Having reached a conclusion respecting the question of notice which disposes of this case, the points which have been raised respecting the irregularity of the proceedings and the insufficiency of the decree need not be here considered.

In the case of Bartlett vs. Glascock and others, (4 Mo. 62,) it was substantially holden where A. had heard B. say he had an unrecorded deed for certain lands, it was sufficient to charge A., who subsequently purchased the land, with notice of the title of B. This opinion was ren-

dered under the statute of 1825, which differs from the subsequent re-visals in no respect which it is material here to consider; any sufficient notice, except *constructive* notice, being *"actual* notice."

The whole question, therefore, is, does the record show that McLean had such actual knowledge of the sale of Tresdale to McCoy as is con-templated by the statute ? And this, being affirmed in the bill and de-nied by the answer, must of course be determined from the record of the testimony alone.

It is a rule in equity, and a good one that the denials in an answer must stand, unless contradicted by two witnesses, or one witness and strong coroborating circumstances. In this case, it will be seen that there is superadded to the positive, perspicuous and unimpeached tes-timony of Callaway an array of circumstantial testimony which it is im-possible to resist. They need not be restated ; the brief of the appel-lants counsel (now no more, and to whose memory it is deemed not in-appropriate to pay this passing tribute of professional respect) having substantially set them forth.

The circuit court committed error, therefore, in dismissing the com-plainants bill, instead of decreeing that there be divested out of the de-fendant and all subsequent persons who may be parties or privies to this suit, any and all title, interest and estate which they may have, or claim to have, in or to the undivided half of the tract of 28 acres described in the bill of the complainant, and that the title thereto vest in the said complainant as from and after the period that it was assigned to him.

Judge Ryland concurring the decree will therefore be reversed, and one here entered conformably with this opinion.